■ BANK OF ST. LOUIS, Respondent, v. ALVIN J. WHITE, as County Treasurer of Madison County, et al., Defendants, and DAVID CAMPBELL et al., Appellants. (And One Other Action.) — Appeals by defendants Campbell from orders of the Supreme Court, entered in Madison County, which granted motions to amend the complaints. These actions, one brought by the alleged holder of a mortgage upon certain farm lands and the other by the alleged owners thereof, seek, among other things, the cancellation of a tax deed, executed pursuant to a tax sale, by the County Treasurer of Madison County to that county and a subsequent deed from Madison County to defendants Campbell. The deeds, given in 1956, are predicated upon a 1953 tax sale. After trial had proceeded for about an hour and the trial court had indicated that certain proof offered by plaintiffs could not be admitted, under the pleadings, plaintiffs moved for permission to amend; defendants-appellants objected on the grounds that the cases had been on the calendar quite some time, that appellants were prepared to meet the issues pleaded, that the proposed amendment came as a surprise and might require pretrial examination of witnesses; and the court granted the motion, requiring that the amended complaints be served within 20 days, and declared a mistrial. Appellants argue here that the amendment was such as to " change the theory of the complaint " and that the court was without " power to grant an amendment to so change a cause of action ". We perceive no change in the theory of the actions and none in the causes of action originally pleaded and thus no basis for the contention that the discretion vested in the trial court·to permit the amendment was improvidently exercised. Each action put in issue the legality and legal sufficiency of the procedures underlying the assessment, the sale and the conveyances of the property in question, the original complaints specifying certain supposed defects respecting each. The amended complaints do no more than to allege additional infirmities of similar nature and effect; except as respects an allegation of a departure from a supposed " policy ", of doubtful validity in any event. The existence or nonexistence of the additional defects pleaded would seem to be determinable by inspection of the very records and procedures to which recourse would be had by all parties, and doubtless was had, for proof of the infirmities originally alleged. Orders unanimously affirmed, with $10 costs. Present — Bergan, P. J., Coon, Gibson, Reynolds and Taylor, JJ.